UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MINDY COLLETTE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEMERT BRANDS, LLC,<br><br>Defendant. | CASE NO. 1:22-cv-09438-VSB |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STAY THIS CASE PENDING JPML RULING

Defendant, DeMert Brands, LLC ("DeMert"), has filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML") seeking consolidation of this and related actions before a single district court for pretrial proceedings. *See* Yaeger Decl., Ex. 1 (JPML Motion for Transfer); Yaeger Decl., Ex. 2 (Brief in Support); Yaeger Decl., Ex. 3 (Schedule of Actions); and Yaeger Decl., Ex. 4 (Amended Proof of Service). The JPML has designated the matter as MDL No. 3061 under the name *In Re: Demert Brands Dry Shampoo Marketing, Sales Practices, and Products Liability Litigation*.

DeMert hereby moves to stay this case pending the JPML's ruling on that motion. "Many courts have stayed proceedings pending a decision by the JPML on whether to consolidate cases," *Rojas v. Teva Pharm. USA, Inc.*, 2020 WL 8513143, at *1 (S.D.N.Y. Dec. 1, 2020), and this case should be no exception.

1

# BACKGROUND

Plaintiff, Mindy Collette, alleges that DeMert sold her and other putative class members dry shampoo that contained benzene. Doc. 1 ¶ 1. Plaintiff further alleges that testing by Valisure, an "analytical laboratory," revealed the presence of benzene in DeMert's dry shampoo products. *Id.* ¶¶ 26–30. Plaintiff asserts several claims for relief on behalf of a nationwide class and a New York subclass. *Id.* ¶ 50.

At present, four other cases have been filed against DeMert that are similarly focused on the alleged presence of benzene in its dry shampoo products. In each of those cases, as in this one, the plaintiff seeks to represent a nationwide class. The other four cases are the following:

- The day that Plaintiff's complaint was filed—November 3, 2022—a similar complaint was filed in the Southern District of Florida: *Janine Zamora vs. DeMert Brands, LLC,* Case No. 0:22-cv-62054-AHS (Judge Raag Singhal). *See* Yaeger Decl., Ex. 5 (S.D. Fla. docket and complaint).

- On November 9, 2022, a similar complaint was filed in the District of South Carolina: *Alexis Morgan v. DeMert Brands, LLC,* Case No. 3:22-cv-03962 (Judge Donald C. Coggins, Jr.). *See* Yaeger Decl., Ex. 6 (D. S.C. docket and complaint).

- On November 10, 2022, a similar complaint was filed in the Northern District of Illinois: *Emily Evans v. DeMert Brands, LLC,* Case No. 1:22-cv-06300 (Judge Charles P. Kocoras). *See* Yaeger Decl., Ex. 7 (N.D. Ill. docket and complaint).

- And on November 22, 2022, a similar complaint was filed in the Northern District of California: *Condalisa LeGrand v. DeMert Brands, LLC*, Case No. 3:22-cv-07374-LB. *See* Yaeger Decl., Ex. 8 (N.D. Cal. docket and complaint).

DeMert will also be moving to stay those other four cases pending the JPML ruling.

**ARGUMENT**

"The Court has inherent power to stay proceedings." *Rojas*, 2020 WL 8513143, at *1. Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

"Courts in this Circuit consider five factors in deciding whether a stay is appropriate: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015) (citation and internal quotation marks omitted). Courts in this District tend not to analyze each individual factor at length, instead grouping together the first two factors concerning the interests of the parties and the last three factors concerning the interests of others.

Both sets of factors support granting a stay here: Plaintiff would not be prejudiced by a stay while DeMert would be prejudiced if a stay is not granted, and a stay would serve the interests of the courts, of non-parties, and of the public.

As to the first set of factors—the interests of the parties—courts in this District have frequently found that "the risk of hardship to defendant of engaging in duplicative motion practice and discovery proceedings outweighs any prejudice that could potentially inure to plaintiff." *Royal Park Investments SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 372 (S.D.N.Y. 2013) (brackets and citation omitted). *Ritchie Capital Management* is especially instructive. There the defendant was the "sole defendant in four federal lawsuits, each in a different district." 87 F. Supp. 3d at 471. The court noted that the suits "appear likely to implicate overlapping core facts, documents, witnesses, and legal theories, and may involve extensive discovery." *Id.* In those strikingly similar

3

circumstances, the court found that a "short stay will not prejudice plaintiffs" while without a stay the defendant "will potentially face duplicative proceedings and inconsistent or inefficient discovery regimes. … A stay assures that discovery will not commence in multiple proceedings until the MDL panel has ruled on whether consolidation is merited." *Id.* The same is true here, and similarly favors a stay.

As to the second set of factors—the interests of others besides the parties—courts in this District have frequently found that a stay pending a JPML ruling would "eliminate the risk of inconsistent rulings and conserve judicial resources." *Royal Park Investments*, 941 F. Supp. 2d at 374. *Ritchie Capital Management* is again instructive. After finding that the interests of the parties favored a stay, the court found that the "remaining factors similarly support a stay. Most notably, a stay serves the judicial and public interest in letting the JPML decide if the interests in efficiency and economy favor consolidation and transfer." 87 F. Supp. 3d at 471. That analysis applies here as well.

Because a stay pending a JMPL ruling on consolidation would not prejudice Plaintiff, would spare DeMert prejudice, and would serve the interests of the courts, of non-parties, and of the public, it should be granted.

## CONCLUSION

WHEREFORE, Defendant respectfully requests that the Court stay this case pending the JPML's ruling on its motion for consolidation of this and related actions before a single district court for pretrial proceedings.

Dated: November 23, 2022


 

Respectfully submitted,

**CARLTON FIELDS, P.A.**

By:   <u>/s/ Michael L. Yaeger</u>
      Michael L. Yaeger
      405 Lexington Ave., 36th Floor
      New York, New York 10174
      Tel: (212) 380-9623
      myaeger@carltonfields.com

*Attorney for Defendant DeMert Brands, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2022, I electronically filed the foregoing motion with the Clerk of the Court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

          **CARLTON FIELDS, P.A.**

By:   /s/ Michael L. Yaeger
       Michael L. Yaeger
       405 Lexington Ave., 36th Floor
       New York, New York 10174
       Tel: (212) 380-9623
       myaeger@carltonfields.com

       *Attorney for Defendant DeMert Brands, LLC*